UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| KIRBY A. BAUEREISS<br><br>Plaintiff,<br><br>-v-<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>Defendant. | CASE NO.: 3:19-cv-00157<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Kirby A. Bauereiss, for his complaint against Midland Credit Management, Inc., ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff, Kirby A. Bauereiss ("Mr. Bauereiss"), is a natural adult person residing in West Frankfort, Illinois, which lies within the Southern District of Illinois.

5. Mr. Bauereiss is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Bauereiss is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Midland Credit Management, Inc., is a Delaware corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website, Defendant identifies itself as a "debt collector" and has been a member of the Association of Credit and Collection Professionals since 1991.

9. In its correspondences to consumers, Defendant identifies itself as a "debt collector."

10. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

11. Defendant is a "person" as that term is defined and/or used within the ICFA.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

13. As Mr. Bauereiss was checking his credit reports, he discovered that Defendant had accessed his credit information for an "account review" and "collection" purpose on September 18, 2018 and October 6, 2017. Relevant pages from Mr. Bauereiss's Trans Union credit report, dated October 9, 2018, are attached to this complaint as Exhibit A.

14. On or around October 9, 2018, Mr. Bauereiss contacted Defendant via phone to ascertain more information about the entries appearing in his credit report and the debt(s) Defendant was attempting to collect from him (the "Phone Call").

15. During the Phone Call, Mr. Bauereiss spoke with a representative for Defendant who identified Defendant as a debt collector attempting to collect upon a debt.

16. During the Phone Call, Defendant's agent represented to Mr. Bauereiss that he owed Defendant a balance of over $400.00 in connection with a consumer debt Mr. Bauereiss allegedly incurred to *Verizon* in 2008 (the "Subject Debt").

17. Mr. Bauereiss did not recognize the Subject Debt as belonging to him.

18. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

19. Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt fell into delinquency beginning in 2008, as of October 9, 2018, the date of the Phone Call, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

20. During the Phone Call, Defendant's agent stated, in relevant part:

> "The law limits how long you can be sued on a debt. Because of the age of this debt, we will not sue you for it."

21. Defendant's agent attempted to collect payment of the Subject Debt from Mr. Bauereiss during the Phone Call, including offering him a discount, settlement and/or payment plan.

22. The Phone Call gave the false impression that Defendant had chosen not to sue Mr. Bauereiss, not that it was legally barred from doing so.

23.   Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Mr. Bauereiss that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Mr. Bauereiss to further legal liability.

24.   After a reasonable time to conduct discovery, Mr. Bauereiss believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

25.   Plaintiff was misled by Defendant's collection activity.

26.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

27.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

28.   As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

29.   As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

30. All prior paragraphs are incorporated into this count by reference.

31. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

32. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call. The Phone Call was unfair, deceptive and misleading because it: (i) created the false impression that Defendant had chosen not to sue Plaintiff, rather than stating that Defendant was legally barred from doing so; (ii) created the false impression that Defendant still had the ability to take legal action on the Subject Debt, when in fact it did not; (iii) mischaracterized the legal status of the Subject Debt; and (iv) failed to properly advise Plaintiff of the potential legal consequences of arranging or making any payment towards the Subject Debt.

33. Defendant knew that the applicable statute of limitations for the Subject Debt had expired, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

34. Defendant's communications to Plaintiff were unfair, deceptive and misleading because Defendant created the false impression that the Subject Debt was still legally collectible from Plaintiff and/or that Defendant could still sue him for it if it chose to do so.

35. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, complete and accurate, especially when Defendant is attempting to collect a time-barred debt. Defendant had an

obligation to accurately alert Plaintiff as to his rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

36. As set forth in paragraphs 25 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined in this complaint.

<u>COUNT II</u>
<u>VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>
*815 ILCS § 505/2*

37. All prior paragraphs are incorporated into this count by reference.

38. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

39. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.  The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS § 505/10a.

40. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) creating the false impression that Defendant had chosen not to sue Plaintiff, rather than stating that Defendant was legally barred from doing so; (ii) creating the false impression that Defendant had the ability to take legal action on the Subject Debt, when in fact it did not; (iii) mischaracterizing the legal status

of the Subject Debt; and (iv) failing to properly advise Plaintiff of the potential legal consequences of arranging or making any payment towards the Subject Debt.

41. Defendant knew that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

42. Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights.

43. As set forth in paragraphs 25 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

44. As such, Plaintiff is entitled to relief pursuant to 815 ILCS § 505/10a.

45. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kirby A. Bauereiss, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS § 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 8th day of February, 2019.        Respectfully Submitted,

      */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

      */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS        )
                                       ) ss
COUNTY OF FRANKLIN  )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Kirby A. Bauereiss, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____2/8/2019_____

DocuSigned by:
*KB*
BD35577C6B624E1...
Signature